IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LET'S GET MOVING, LLP,<br><br>Plaintiff,<br><br>vs.<br><br>LAGESTICS, LLC,<br><br>Defendant. | No. CV-23-14-BU-BMM<br><br>ORDER |

### INTRODUCTION

Plaintiff Lets Get Moving, LLP ("LGM") filed suit against Defendant Lagestic, LLC ("Lagestic") in Montana state district court. (Doc. 5.) LGM alleged the following three causes of action: (I) Breach of Contract – Deposit; (II) Breach of Contract – January and February Monthly Payments; and (III) Breach of Contract – Contract Balance. (*Id.* at 4–6.) LGM seeks $374,531.47 in damages for breach of contract, $4,704.14 in damages for related late fees, incidental damages, interest, and attorney's fees and costs. (*Id.* at 6.) Lagestic removed the action to federal court on March 29, 2023. (Doc. 1.)

Lagestic filed an answer on April 26, 2023. (Doc. 9.) Lagestic's answer raises the following thirteen counterclaims: (I) Breach of Contract; (II) Breach of Contract – Violation of Non-Disclosure Agreement; (III) Breach of the Covenant of Good

1

Faith and Fair Dealing; (IV) Deceit; (V) Fraud; (VI) Actual Malice; (VII) Constructive Fraud; (VIII) Fraudulent and Intentional Misrepresentation; (IX) Negligent Misrepresentation; (X) Unjust Enrichment; (XI) Gross Negligence; (XII) Ordinary Negligence; and (XIII) Punitive Damages. (*Id.* at 12–21.) LGM filed a motion to dismiss counts IV through VIII and either count XI or XII. (Doc. 14; Doc. 15 at 5–11.) Lagestic opposed the motion. (Doc. 18.) The Court held a hearing on June 30, 2023. (Doc. 25.) The Court granted LGM's Motion to Dismiss Lagestic's counterclaim for gross negligence (Count XI) upon stipulation of Lagestic and took under advisement the motion to dismiss as to the remaining counterclaims. (*Id.*)

## BACKGROUND

LGM is a Montana motor carrier that provides packing, moving, and storage services for household goods. (Doc. 1-1 at 2.) Lagestic is a construction company that also provides vendor management services for real estate developers and housing authorities. (Doc. 18 at 1–2.) DevCo is a third-party company that manages real estate projects nationwide. (Doc. 15 at 2.) DevCo managed the renovation of the Comstock apartment complex in Bozeman, Montana. (Doc. 15 at 2.) DevCo's role included moving tenants out of apartments, storing their belongings and furniture temporarily during periods of construction work, and subsequently moving tenants' items back after completion of the renovation. (*Id.*) DevCo's renovation of the Comstock apartments involved ongoing floor-by-floor work. (*Id.*)

DevCo contracted with Lagestic to provide moving services during the renovation. (*Id.*) LGM entered a separate contract with Lagestic to provide labor services that Lagestic had agreed to provide to DevCo. (Doc. 1-1 at 2; Doc. 18 at 2.) LGM and Lagestic allegedly entered a contract in or around December of 2022. (Doc. 18 at 2–3.) The parties disagree over the material terms of the contract. (Doc. 15 at 2; Doc. 18 at 2–3.)

LGM alleges that it placed a crew, rented an apartment for a nine-month period, and staged equipment, supplies, and storage facilities in Bozeman. (Doc. 15 at 2.) LGM contends that DevCo then narrowed the scope of the project by limiting the upper-floor apartment work to a narrower range of moving services. (*Id.*) LGM alleges that LGM's contract with Lagestic placed responsibility for the entire contract price on Lagestic if DevCo cancelled the project. (*Id.* at 4.) LGM allegedly demanded payment of the contract price. (*Id.*) Lagestic alleges that LGM submitted invoices for work not actually performed in violation of the contract that the parties allegedly entered. (Doc. 18 at 3–4.)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint lacks sufficient facts to support a cognizable legal theory. *Mendiondo v.*

*Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim possesses facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Court must accept all factual allegations as true in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See id.* The Court need not accept as true any legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" prove insufficient to survive a motion to dismiss. *Id.*

## DISCUSSION

LGM seeks to dismiss counterclaims alleging various frauds, actual malice, and negligence. (Doc. 15 at 11.) LGM alleges that these counts lack sufficient specificity, prove non-cognizable under Montana law, and/or represent duplicate claims. (*Id.*).

**I.     Whether Lagestic's Counterclaims Fail to State a Claim on the Merits.**

The Court will address each counterclaim in turn. The Court will not address, however, the counterclaim for gross negligence. Lagestic consented to the dismissal of its gross negligence claim. (Doc. 18 at 11.) The Court dismissed that claim at the hearing on LGM's Motion to Dismiss. (Doc. 25.)

### A. Adequacy of Count IV: Deceit.

LGM argues that Fed. R. Civ. P. 8 requires dismissal of Count IV as deceit does not represent a stand-alone tort under Montana law. (Doc. 15 at 5.) LGM emphasizes that no Montana case supports the existence of deceit as an independent cause of action. (*Id.*) LGM argues that deceit instead represents "just another way of claiming fraud." (*Id.*) Lagestic relies on *Romo v. Shirley* as evidence that the Montana Supreme Court considers deceit a standalone claim. 522 P.3d 401, 408 (Mont. 2022).

The plaintiffs in *Romo* made five tort claims along with their breach of contract claim, including deceit, fraud, and negligent misrepresentation. *Id.* at 408. The Montana Supreme Court noted that the right to sue in tort depended upon "establishing that a separate duty existed." *Id.* The Montana Supreme Court in *Dewey v. Stringer* similarly recognized that "[s]eparate tort liability depends on whether the breaching party violated a legal duty that would exist in the absence of a contract." 325 P.3d 1236, 1239 (Mont. 2014) (citing *Boise Cascade Corp.*, 600 P.2d at 181-82 (Mont. 1979). The Montana Supreme Court further appears to have recognized the statutory prohibition on deceit as establishing a legal duty:

> the prohibitions on fraudulent and deceitful conduct under Montana law are not negated simply because the parties have entered into a contract concerning the same subject matter. Section 27-1-712, MCA, sets forth an independent statutory prohibition on the willful deception of another with the intent to induce that person to detrimentally alter that person's position.

5

*Dewey*, 325 P.3d at 1241.

LGM attempts to distinguish the opinion in *Romo* as "establish[ing] a statutory basis of duty, not a separate tort." (Doc. 24 at 4.) LGM in doing so ignores that the Montana Supreme Court determined that Mont. Code. Ann. § 27-1-712, created a legal duty outside the contract that supported the plaintiff's tort claim for deceit. *Romo*, 522 P.3d at 408. The Montana Supreme Court's consideration of a deceit claim at the summary judgment stage and dismissal of that claim only upon a finding of insufficient evidence to establish deceit further undermines LGM's argument that deceit does not provide a standalone cause of action under Montana law. *Dewey*, 325 P.3d at 1241–42.

Deceit, as a claim grounded in fraud, proves subject to the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). *Pfau v. Mortenson*, 858 F. Supp. 2d 1150, 1158 (D. Mont. 2012). Rule 9(b)'s heightened standard applies to state law causes of action, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003), and requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A complaint must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false'" to satisfy the heightened pleading standard. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th

Cir. 2013) (quoting *Cafosso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

Lagestic fails to meet Rule 9(b)'s heightened pleading standard. Lagestic's answer contains three allegations under its counterclaim for deceit. (Doc. 9, ¶¶ 48–50.) The first incorporates the prior paragraphs. (*Id.*, ¶ 48.) The other two provide conclusory statements, such as that "Plaintiff performed deceit by [ ] suggestion of fact that is/are not true when it knew it/them not to be true." (*Id.*, ¶ 49.) The answer provides no reference to which suggestion of fact, assertion of fact, or suppression of fact forms the basis for Lagestic's counterclaim for deceit. A person reading the answer would have no way of knowing whether the deceit counterclaim stems from the invoice provided on February 16, 2023 (*Id.*, ¶ 23), the invoice provided on February 20, 2023 (*Id.*, ¶ 28), the refusal to acknowledge the existence of a contract (*Id.*, ¶ 24), or some other conduct.

The answer further fails to explain who made the representations or assertions of fact, where they made such assertions, how LGM or an agent of LGM made the assertions, and why the statements proved false. Lagestic's allegations regarding its counterclaim for deceit fail to arise to much more than "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  The answer's allegations fall far short of the heightened pleading standard of Fed. R. Civ. P. 9(b). *See Pfau*, 858 F. Supp. 2d at 1158. The Court will dismiss this counterclaim without prejudice.

## B. Adequacy of Count V: Fraud.

A prima facie claim of fraud under Montana law requires satisfaction of the following nine elements: (1) that a representation was made; (2) that the representation was false; (3) that the representation was material; (4) that the speaker knew of its falsity or proved ignorant of its truth; (5) that the speaker possessed the intent that the representation be relied upon; (6) that the hearer proved ignorant of the representation's falsity; (7) that the hearer relied upon the truth of the representation; (8) that the hearer possessed the right to rely upon the representation; and (9) that the hearer suffered consequent and proximate injury or damage due to their reliance on the representation. *Franks v. Kindsfather*, 108 P.3d 487, 490 (Mont. 2005).

Fraud claims, as outlined above, remain subject to a heightened pleading standard pursuant to Fed. R. Civ. P. 9(b). A party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citations omitted). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Lagestic's answer fails to meet the heightened pleading standard in setting forth Lagestic's counterclaim for fraud. The answer fails to identify any specific person who acted fraudulently. The answer instead refers to various steps taken by "Plaintiff." (Doc. 9 at 15–16.) Lagestic's fraud claim additionally lacks any information about the dates, locations, or other specifics of LGM's allegedly fraudulent conduct. Lagestic argues that its fraud counterclaim specifies the content of the fraudulent representations as "misrepresentation of accounting to be provided, when work was to commence under Contract Two, and/or a detailed accounting of actual work performed." (Doc. 18 at 7 (citing Doc. 9, ¶ 55).) These allegations fall far short of the "five w's" standard set forth under *Salameh*, 726 F.3d at 1133, and *Lungwitz*, 616 F.3d at 998.

Lagestic's answer fails to cite who made the alleged misrepresentations or when or where the representations were made. The answer further fails to specify what representations LGM made beyond broad categories that surely could encapsulate a variety of communications and statements. The answer fails to allege what representation LGM made as to when the work was to commence and how that representation proved false. Misrepresentations about the accountings to be provided could encompass anything from a statement that invoices would be provided monthly to a statement that a certain category of work would be billed separately. A party reading Lagestic's answer would lack sufficient notice of the particular

9

conduct that supports Lagestic's counterclaim for fraud. *Bly-Magee*, 236 F.3d at 1019. Accordingly, LGM cannot defend itself against the fraud claims as alleged. *Id.* The Court will dismiss Lagestic's counterclaim for fraud without prejudice.

### C. Adequacy of Count VI: Actual Malice.

Montana law provides that "reasonable punitive damages may be awarded when the defendant has been found guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221(1). The statute provides a list of the elements of "actual malice" in the context of damages and liability. Mont. Code Ann. § 27-1-221(2). Montana law admittedly requires a finding of actual malice as a prerequisite to the recovery of punitive damages.

The Montana Supreme Court affirmatively has rejected the notion that the actual malice prerequisite for punitive damages creates an independent cause of action. *Thornton v. Whitefish Credit Union*, 455 P.3d 435, 2019 Mont. LEXIS 224, at *9 (Mont. 2019) (unpublished opinion). "[A]ctual malice is not an independent cause of action. Rather, § 27-1-221(2), MCA, provides that before punitive damages may be imposed actual fraud or actual malice must be established." *Id.* Lagestic cites no Montana case discussing or recognizing the existence of an independent cause of action for actual malice. The Court finds no grounds for construing actual malice as an independent cause of action given the Montana Supreme Court's interpretation

in *Thornton*, albeit an unpublished opinion. The Court will dismiss Lagestic's counterclaim for actual malice without prejudice.

### D. Adequacy of Count VII: Constructive Fraud.

A claim for constructive fraud faces the same heightened pleading standard as that for actual fraud under Fed. R. Civ. P. 9(b). *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1021 (N.D. Cal. 2007). The elements for constructive fraud prove identical as those for actual fraud, other than the requirement that the speaker intended the hearer to rely upon the statement. *Barker v. Bank of Am., N.A.*, No. CV 17-21-BLG-SPW-TJC, 2019 WL 4261983, at *4 (D. Mont. Aug. 12, 2019), *report and recommendation adopted*, No. CV 17-21-BLG-SPW, 2019 WL 4257363 (D. Mont. Sept. 9, 2019).

Once again Lagestic has failed to state its counterclaim for constructive fraud with specificity. Lagestic's answer again makes only conclusory statements regarding its constructive fraud claim. The answer alleges generally that LGM owed Lagestic a duty to conduct itself in an honest manner and breached that duty. (Doc. 9, ¶¶ 69–70). Lagestic fails to assert any specific conduct that it alleges meets the elements of constructive fraud. A bare allegation that a defendant breached its legal duties to a plaintiff fails to meet the ordinary pleading standards under *Iqbal*, 556 U.S. at 678. Even if it could pass muster under the ordinary notice standard, Lagestic's answer wholly fails to meet "the who, what, when, where, and how"

11

standard. *Salameh*, 726 F.3d at 1133. The answer fails to identify what statements support the counterclaim for constructive fraud, who made those statements, where the statements were made, when those statements were made, and why or how those statements proved false.

Section 28–2–406 of the Montana Code Annotated further requires that one party "gain an advantage" over the other in breaching a duty. *Mattingly v. First Bank of Lincoln*, 947 P.2d 66, 73 (Mont. 1997). Lagestic has failed to allege any facts that would show how LGM gained an advantage. Lagestic's answer instead asserts the bare conclusion that LGM's "breach of its legal duties caused it to gain an advantage over [Lagestic] by misleading [Lagestic] to its detriment." (Doc. 9 at 18.) The lack of specificity in Lagestic's answer renders LGM unable to defend itself against Lagestic's counterclaim for constructive fraud. *Bly-Magee*, 236 F.3d at 1019. Accordingly, the Court will dismiss Lagestic's constructive fraud claim without prejudice.

### E. Adequacy of Count VIII: Fraudulent and Intentional Misrepresentation.

A claimant must demonstrate the nine elements of fraud to succeed on a claim for fraudulent misrepresentation. *Rowland v. Klies*, 726 P.2d 310, 317–18 (Mont. 1986). The claim of fraudulent misrepresentation stands subject to the heightened pleading standard under Rule 9(b) because the claim is grounded in fraud. *See Western Sec. Bank v. Eide Bailly LLP*, 249 P.3d 35, 44 (Mont. 2010). Lagestic argues

that its allegations meet the heightened pleading standard because Lagestic's answer "clearly identified" LGM's "material and untrue" representations, "including but not limited to facts related to Contract Two, labor and/or services to be provided, and an accounting of labor and/or services to be provided under the terms of contract." (Doc. 18 at 10.) Lagestic's response lacks any further details or explanation and applies the ordinary pleading standard under Fed. R. Civ. P. 8(a) instead of that set forth for fraud allegations under Fed. R. Civ. P. 9(b). (*Id.*)

Lagestic's answer fails to meet the heightened pleading standard in alleging its counterclaim for fraudulent or intentional misrepresentation. Lagestic's answer identifies broad categories of representations to support its counterclaim for fraudulent misrepresentation. This language fails to meet the specificity and particularity required by the Rule 9(b) pleading standards for the same reasons outlined above regarding Lagestic's fraud claim. An allegation that LGM made fraudulent representations about "labor and/or services to be provided" proves too vague. This category of representations encompasses every statement about services from when services would start to when they would cease to the scope of work to be performed. Lagestic's answer further fails to cite who made the alleged representations, when, and where. Lagestic's answer fails to provide any specificity as to the particular conduct forming the basis for its fraud allegations. The Court will dismiss this counterclaim without prejudice.

## CONCLUSION

Lagestic's answer alleges several counterclaims against LGM that are grounded in fraud and subject to the heightened pleading standard pursuant to Fed. R. Civ. P. 9(b). Lagestic fails to satisfy this heightened pleading standard in its failure to allege with any particularity the "who, what, where, when, and how" of the allegedly fraudulent conduct. Lagestic also fails to establish that actual malice provides an independent cause of action under Montana law. The Court will dismiss counterclaims IV through VIII without prejudice.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) LGM's Motion to Dismiss (Doc. 14) is **GRANTED**.

2.) Lagestic's counterclaims for deceit (Count IV), fraud (Count V), actual malice (Count VI), constructive fraud (Count VII), and fraudulent or intentional misrepresentation (Count VIII) are hereby **DISMISSED** without prejudice.

DATED this 22nd day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court